cc:order, docket, remand letter to Los Angeles Superior Court, Norwalk No. VC 059501

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**    JS-6

| Case No. | CV 12-00810-RGK (VBKx) | Date | April 26, 2012 |
|---|---|---|---|
| Title | BROWN-PARKER v. WACHOVIA MORTGAGE, et al. | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| R. Neal for Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**    (IN CHAMBERS) Order Re: Plaintiff's Motion to Remand (DE 9)

## I.    INTRODUCTION

On September 13, 2011, Debora Brown-Parker ("Plaintiff") filed a Complaint against Wachovia Mortgage, a division of Wells Fargo Bank, N.A. ("Wells Fargo"), and Cal-Western Reconveyance Corporation ("Cal-Western") (collectively "Defendants"). Plaintiff alleges ten claims in her Complaint: (1) predatory lending, (2) conspiracy, (3) predatory servicing, (4) unfair business practices, (5) breach of contract, (6) breach of the implied covenant of good faith and fair dealing, (7) violation of California Civil Code § 2923.6, (8) quiet title, (9) injunction, and (10) lack of standing.

On January 30, 2012, Wells Fargo filed its Notice of Removal pursuant to 28 U.S.C. § 1441(b) on the grounds that federal subject matter jurisdiction existed based on the presence of a federal question and diversity of citizenship. On the same date, Cal-Western filed its Consent to the Notice of Removal.

Presently before the Court is Plaintiff's Motion to Remand ("Motion"). For the following reasons, the Court **GRANTS** Plaintiff's Motion.

## II.    FACTUAL BACKGROUND

Plaintiff is a California resident and owns the property located in the County of Los Angeles ("Property") that is the subject of this action. (Compl. ¶ 1.) On May 9, 2008, Plaintiff obtained a loan from Wells Fargo for approximately $850,000, secured by a Deed of Trust on the Property (hereinafter the "Loan"). (Compl. ¶¶ 2-3.) Plaintiff has attempted to modify the Loan for nearly two years, but Defendants have failed to modify the loan or take any further action. (Compl. ¶ 12.) These facts regarding the attempted loan modifications form the basis of Plaintiff's allegations.

Wells Fargo is a national banking association and its main office, as designated in its articles of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     **JS-6**

| Case No. | CV 12-00810-RGK (VBKx) | Date | April 26, 2012 |
|---|---|---|---|
| Title | BROWN-PARKER v. WACHOVIA MORTGAGE, et al. | | |

association, is located in Sioux Falls, South Dakota. (Wells Fargo's Request for Judicial Notice ("RJN") Ex. 1.) Wells Fargo's principal place of business is located in California. (Pl.'s Mtn. to Remand Ex. 1-2.)

Cal-Western, a California corporation, is the Trustee that claims to hold title to the Deed of Trust. (Compl. ¶ 5.) Cal-Western replaced Golden West Savings Association Service Co., the named trustee on the Deed of Trust for the Property. (RJN Ex. 2.)

### III.   JUDICIAL STANDARD

A defendant may remove a case from state court when the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Original jurisdiction exists either when a claim "aris[es] under the Constitution, laws, or treaties of the United States" or when the parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331-32. Federal courts must "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The strong presumption against removal jurisdiction places the burden on the defendant to show by a preponderance of evidence that removal is proper. *Id.* at 566.

### IV.   DISCUSSION

Because Wells Fargo has premised removal on the existence of federal jurisdiction under either § 1331 or § 1332, the Court will examine whether either of these bases for jurisdiction exist.

#### A.   Federal Question

Plaintiff's fifth claim is for breach of contract to recover damages owed to her as an intended third party beneficiary of the Home Affordable Modification Program ("HAMP") contract between Wells Fargo and the federal government. (Compl. ¶¶ 62-68.) Plaintiff argues that this claim does not raise a substantial federal issue and therefore does not warrant federal question jurisdiction. The Court agrees.

28 U.S.C. § 1331 provides federal courts with jurisdiction over actions "arising under the Constitution, laws, or treaties of the United States." In determining whether federal jurisdiction attaches to a state law claim that is predicated on violations of federal law, a court must examine whether the "state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). Federal question jurisdiction does not exist merely where a court may have to interpret federal laws or regulations; it exists only where "the vindication of a right under state law necessarily turn[s] on some construction of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9-10 (1983).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     JS-6

| Case No. | CV 12-00810-RGK (VBKx) | Date | April 26, 2012 |
|---|---|---|---|
| Title | BROWN-PARKER v. WACHOVIA MORTGAGE, et al. | | |

It is well established that HAMP does not create a private right of action for borrowers. *See, e.g.*, *Preciado v. Ocwen Loan Servicing*, No. CV 11-1487 CAS (VBKx), 2011 WL 977819, at *1 (C.D. Cal. Mar. 18, 2011) (citing *Singh v. Wells Fargo Bank*, No. 1:10-CV-1659 AWI SMS, 2011 WL 66167, *7 (E.D. Cal. Jan. 7, 2011)). A claim that arises under state law must necessarily raise a substantial issue of federal law in order to support federal jurisdiction. *Grable*, 545 U.S. at 314. The interpretation of any HAMP provisions that may be necessary to resolve a breach of contract claim does not raise a substantial issue of federal law. *See Preciado*, 2011 WL 977819, at *1; *Carlos v. Bank of Am. Home Loans*, No. CV 10-1966 AHM (VBKx), 2011 WL 166343, at *1 (C.D. Cal. Jan. 13, 2011). Therefore, Plaintiff's claim for breach of contract and third party damages does not raise a substantial issue of federal law to support the exercise of federal question jurisdiction.

**B.     Diversity**

Plaintiff argues that diversity of citizenship is lacking because Wells Fargo's principal place of business is in California and therefore, Plaintiff and Wells Fargo are both citizens of California. The Court agrees.

28 U.S.C. § 1332 provides federal courts with jurisdiction over actions that arise between citizens of different states where the amount in controversy exceeds $75,000. For federal diversity purposes, "national banking associations shall . . . be deemed citizens of the States in which they are respectively located." 28 U.S.C. § 1348. In *Wachovia Bank v. Schmidt*, 546 U.S. 303 (2006), the Supreme Court held in the context of § 1348, a national bank is located in, and therefore a citizen of, the state of its main office as set forth in its articles of association. *Id*. at 307. The Court thus resolved the question as to whether national banks are "located" in every state where they maintain a branch office. *Id*. at 306. However, the Court did not resolve whether national banks are additionally "located" in the state of their principal place of business and left the question to be decided at a later time. *See id*. at 315 n.8.

Many courts have since addressed the question left open by the Supreme Court in *Schmidt* and concluded that national banks are also "located" in the state of their principal place of business. *E.g.*, *Rouse v. Wachovia Mortg., FSB*, No. EDCV 11-00928 DMG (DTBx), 2012 WL 174206, at *14 (C.D. Cal. Jan. 13, 2012); *Goodman v. Wells Fargo Bank, N.A.*, No. CV 11-2685-JFW (RZx), 2011 WL 2372044, at *2 (C.D. Cal. June 1, 2011); *Gutterman v. Wachovia Mortg. Bank, N.A.*, No. CV 11-1611 GAF (CWx), 2011 WL 2633167, at *1 (C.D. Cal. Mar. 31, 2011). These courts interpret the meaning of "located" in § 1348 in light of the Supreme Court's recognition that the term does not have one static meaning and that part of Congress's purpose in enacting § 1348 was to bring federal jurisdiction over national banks in parity with federal jurisdiction over state banks and other corporate entities. *Rouse*, 2012 WL 174206, at *12; *see also Wells Fargo Bank, N.A. v. WMR e-PIN, LLC*, 653 F.3d 702, 706 (8th Cir. 2011). The Court finds this reasoning persuasive and holds that a national banking association is a citizen of the state of its main office, as designated by the articles of association, and also the state of its principal place of business.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**    JS-6

| Case No. | CV 12-00810-RGK (VBKx) | Date | April 26, 2012 |
|---|---|---|---|
| Title | BROWN-PARKER v. WACHOVIA MORTGAGE, et al. | | |

Here, Plaintiff is a citizen of California. (Compl. ¶ 1.) Wells Fargo, as a national banking association, is a citizen of the state where its main office is located as designated in its articles of association, which in this case is South Dakota. (RJN Ex. 1.) Wells Fargo is also a citizen of the state where its principal place of business is located, which in this case is California. *See, e.g.*, *Gutterman*, 2011 WL 2633167, at *1; *Saberi v. Wells Fargo Home Mortg.*, No.10 CV 1986 DMS (BGS), 2011 WL 197860, at *1 (S.D. Cal. Jan. 20, 2011); *Mount v. Wells Fargo Bank, N.A.*, No. CV 08-6298 GAF (MANx), 2008 WL 5046286, at *1 (C.D. Cal. Nov. 24, 2009). Therefore, Plaintiff and Wells Fargo are both citizens of California and this Court lacks subject matter jurisdiction on the basis of diversity of citizenship.

### C.    Plaintiff's Request for Attorney's Fees

Plaintiff argues that she is entitled to an award of attorneys' fees incurred as a result of bringing her Motion. The Court disagrees.

"[A]bsent unusual circumstances, attorney[s'] fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). Because of the absence of binding precedent available for determining the citizenship of a national bank for diversity jurisdiction, Defendants had an objectively reasonable basis to believe that the parties were diverse and that federal jurisdiction was proper.

Because Defendants had an objectively reasonable basis for removal, Plaintiff is not entitled to an award of attorneys' fees.

## V.    JUDICIAL NOTICE

To the extent that the Court has relied on any of the documents submitted by Wells Fargo in opposition to Plaintiff's Motion, the Court grants Wells Fargo's request for judicial notice.

## VI.    CONCLUSION

In light of the foregoing, the Court **GRANTS** Plaintiff's Motion to Remand.

**IT IS SO ORDERED.**

|  |  | : |  |
|---|---|---|---|
|  | Initials of Preparer | slw |  |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL** <mark>JS-6</mark>

| Case No. | CV 12-00810-RGK (VBKx) | Date | April 26, 2012 |
|---|---|---|---|
| Title | BROWN-PARKER v. WACHOVIA MORTGAGE, et al. | | |